U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

FEB 0 4 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

MARY KATHERINE MORRIS and
CARLOS D'AGNE MORRIS

versus

CIVIL ACTION NO. 08-1739
JUDGE TOM STAGG

BLACKSTONE MEDICAL, INC., ET AL.

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendants,

Blackstone Medical, Inc. ("Blackstone") and Orthofix International ("Orthofix"). See

Record Document 50. Based on the following, and noting that the plaintiffs have failed

to timely oppose the motion, this court finds that no genuine issues of material fact exist

and the motion for summary judgment is **GRANTED**.

As detailed in the defendants' motion for summary judgment, the plaintiffs have

missed many deadlines imposed by the court. Among the numerous deadlines missed,

those germane to this motion include the failure to respond to requests for admissions

propounded by the defendants, the failure to submit a witness list, the failure to submit

any expert information or reports and the failure to oppose the pending motion for

summary judgment (in addition to a pending motion for partial summary judgment).

Local Rule 7.5W requires a respondent opposing a motion to "file a response,

including opposing affidavits, memorandum, and such supporting documents as are then available, within 15 days of service of the motion" for summary judgment. The plaintiffs failed to oppose the defendants' motion for summary judgment within the required fifteen day period.  Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).  In addition, Federal Rule of Civil Procedure 36 provides that a request for admission is admitted unless the party to whom the request was served answers or objects to the request within thirty days.[1]  Finally, the scheduling order issued by this court clearly provides that the plaintiffs shall provide any expert evidence that plaintiffs plan to present at trial and that "a witness whose report was not timely provided will not be allowed to testify as an expert at trial over objection absent a showing of good cause."  Record Document 20 at 3.

---

[1]Federal Rule of Civil Procedure 36(b) provides, in pertinent part:

> A matter admitted under this rule is **conclusively established** unless the court, on motion, permits the admission to be withdrawn or amended.

(emphasis added).

2

The defendants have filed a properly supported motion for summary judgment and the plaintiffs have failed, in any way, to respond.  The plaintiffs have admitted, through their failure to respond to the defendants' requests for admissions, that they know of no facts to support their claims.  See Fed. R. Civ. P. 36(a)(3) and (b).  In addition, the plaintiffs have served no expert reports nor identified a single witness. The deadlines for discovery, witness and expert information have passed without anything being submitted by the plaintiffs.  There is simply no evidence whatsoever before the court to support any of the plaintiffs' product liability claims.  Accordingly, the motion for summary judgment filed by the defendants (Record Document 50) is **GRANTED.**

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 3rd ___ day of February, 2010.

JUDGE TOM STAGG